UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**GEORGE CAMPOS,**

    Plaintiff,                                      Case No.

vs.                                                  Jury Trial Demanded

**NATIONAL HEALTHCARE
COLLECTIONS, LLC,**

    **Defendants.**
_____/

## COMPLAINT

Plaintiff, George Campos ("Plaintiff"), files suit against the Defendant, National Healthcare Collections, LLC, ("Defendant") and alleges the following.

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 §§ *et seq.* ("FDCPA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1962 et seq.

2. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District (where Plaintiff resides in this District, and where Defendant transacts business in this District).

## PARTIES

3. Plaintiff is a natural person who at all relevant times resided in the Elgin, Illinois. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, at all relevant times was engaged, by the use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff as that term is defined by 15 U.S.C. § 1692a(5). Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

5. Plaintiff allegedly defaulted on a payment for medical services provided by Valley Medical & Cardiac Clinic in the amount of $35.00. Subsequently, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff. The debt that Plaintiff incurred was a consumer debt as defined by the FDCPA, and was secured and used primarily for personal, family, and/or household services.

6. On September 30, 2014, Defendant sent or caused to be sent to Plaintiff an initial letter informing him that he owed $35.00. A copy of Defendant's letter is attached to this Complaint as Exhibit A.

7. The second sentence of the letter states the following: "Unless you notify NHC *in writing* within 30 days of receiving this notice that you dispute the validity of this debt, or any portion thereof, NHC shall assume the amount of the debt to be valid." (Emphasis added).

8. The letter's statement that "Unless you notify NHC *in writing*" does not comport with the requirements of the Fair Debt Collection Practices Act.

9. The plain language of the statute is clear and unambiguous and does not require the insertion of the phrase "in writing." Rather, the plain language of § 1692g(a)(3) requires that Defendant provide a statement to debtors that they must dispute the validity of the debt "within thirty days *after receipt of the notice*." (Emphasis added).

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. 1692 §** ***et seq.***

10. Plaintiff incorporates by reference paragraphs 1 through 9 of this Complaint as though stated fully herein.

11. The foregoing act of Defendant constitutes a violation of 15 U.S.C. §§ 1692g, and 1692g(a)(3) by inclusion of the phrase "in writing" and by failing to state "within thirty days *after receipt of the notice*."

12. As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, plus reasonable attorneys' fees and costs.

**WHEREFORE** Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

**DISPARTI LAW GROUP, P.A.**

\_\_/s/ Lawrence Disparti_____
Lawrence Disparti, Esq.
ldisparti@dispartilaw.com
100 North LaSalle Street, Suite 1616
Chicago, IL 60602
(312) 506-5511
*Attorneys for Plaintiff*